FILED

2013 SEP 20 PM 4:55

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2013 Grand Jury

| UNITED STATES OF AMERICA, | CR No. **CR 13 00675** |
|---|---|
| Plaintiff, | <u>I N D I C T M E N T</u> |
| v. | [18 U.S.C. § 286: Conspiracy to Defraud the United States With Respect to Claims] |
| RODRIGO PAUL LOZANO,<br>  aka "Paul Lozano,"<br>  aka "Rodrigo Lozano,"<br>  aka "El Profe," | |
| Defendant. | |

The Grand Jury charges:

A.  <u>INTRODUCTORY ALLEGATIONS</u>

1. At all times relevant to this Indictment:

Defendant RODRIGO PAUL LOZANO, also known as ("aka") "Paul Lozano," aka "Rodrigo Lozano," aka "El Profe" (defendant "LOZANO"), was a resident of Ventura County, California, and owned and operated a tax preparation business known as Lozano & Associates - Ayuda ("Ayuda"). Defendant LOZANO hired, trained, and supervised numerous employees at Ayuda to prepare federal income tax returns on behalf of third parties. Ayuda had two locations in Oxnard, California, including at 541 West Hueneme

Road, Oxnard, California, within the Central District of California.

2. The Internal Revenue Service ("IRS") was and is an agency of the United States Department of Treasury responsible for administering and enforcing the tax laws of the United States.

3. Defendant LOZANO had a Preparer Tax Identification Number ("PTIN"), issued by the IRS, that authorized defendant LOZANO to prepare federal income tax returns on behalf of third parties for filing with the IRS.

4. Defendant LOZANO had an Electronic Filing Identification Number ("EFIN"), issued by the IRS, that authorized defendant LOZANO to electronically file federal income tax returns with the IRS on behalf of third parties.

5. Defendant LOZANO was an IRS Certifying Acceptance Agent ("CAA"). As a CAA, defendant LOZANO was authorized to apply for Individual Tax Identification Numbers ("ITIN") to permit undocumented individuals, who were ineligible to obtain Social Security Numbers, to file federal income tax returns with the IRS and, if eligible, obtain income tax refunds. As a CAA, defendant LOZANO was (a) required to interview, and keep an interview file relating to, undocumented individuals on whose behalf defendant LOZANO intended to apply for an ITIN; and (b) examine originals and keep copies of originals of *bona fide* identification documentation of those individuals whom defendant LOZANO had interviewed and on whose behalf defendant LOZANO intended to apply for an ITIN.

///

6.  Co-conspirator J.R., aka S.C.-B., aka M. ("M."), was an undocumented individual who resided in Ventura County, California, within the Central District of California.

B.  OBJECT OF THE CONSPIRACY

7.  Beginning on a date unknown, and continuing through at least in or about June 2012, in Ventura County, within the Central District of California, and elsewhere, defendant LOZANO, together with co-conspirator M., and others known and unknown to the Grand Jury, knowingly combined, conspired, and agreed to defraud the United States by obtaining, and aiding the obtaining of, the payment and allowance of false, fictitious, and fraudulent claims.

C.  MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED

8.  The object of the conspiracy was carried out, and to be carried out, in substance, as follows:

   a.  Defendant LOZANO, together with co-conspirator M. and others known and unknown to the Grand Jury, would prepare and file with the IRS more than 10,000 false and fraudulent federal income tax returns claiming refunds to which they knew the purported taxpayers named in the returns were not entitled.

   b.  Defendant LOZANO would hire, train, and supervise individuals at Ayuda to prepare false and fraudulent federal income tax returns using laptop computers and tax preparation software provided by defendant LOZANO.

   c.  Co-conspirator M., and others known and unknown to the Grand Jury, would obtain and present packages of documents, including fraudulent identification documents such as

fraudulent "matricula" or consular identification cards and fraudulent IRS Forms W-2, to defendant LOZANO and his employees for use in preparing federal income tax returns. Defendant LOZANO would authorize his employees at Ayuda to accept the fraudulent documents as genuine or to deliberately ignore the possibility that such documents were fraudulent.

      d.    Defendant LOZANO would instruct his employees at Ayuda to use the fraudulent documents to prepare and submit IRS Forms W-7 to the IRS to obtain ITINs for purported taxpayers, which ITINs defendant LOZANO needed to have to be able to file federal income tax returns in the names of the purported taxpayers.

      e.    Defendant LOZANO, and others under his direction or control, would prepare federal income tax returns that would falsely and fraudulently claim that the purported taxpayers were entitled to receive the Additional Child Tax Credit, which is a refundable credit that can provide a federal tax refund even if the taxpayer owes no tax (hereinafter "ACTC refund"). The amounts of ACTC refunds claimed in these bogus tax returns would typically range from approximately $3,000 to $5,000 per tax return.

      f.    Defendant LOZANO, and others under his direction or control, would, by mail and electronically, using defendant LOZANO's EFIN, submit false and fraudulent federal income tax returns to the IRS that made false, fictitious, and fraudulent claims for ACTC refunds on behalf of the purported taxpayers, and that directed the IRS to mail payments of the claimed ACTC refunds to defendant LOZANO's residence or his business

locations, or electronically deposit them into a bank account ending in 8792 at Bank of America (the "8792 Account"), maintained in the name of C.E., an employee of defendant LOZANO, who acted under defendant LOZANO's direction and control.

g. Defendant LOZANO would direct C.E. to withdraw proceeds of ACTC refunds from the 8792 Account in the form of cash and cashier's checks, oftentimes in amounts that defendant LOZANO believed would not trigger currency transaction reporting requirements for financial institutions, and pay such proceeds to defendant LOZANO who, in turn, would pay a portion of such proceeds to co-conspirator M. and others known and unknown to the Grand Jury.

D. <u>OVERT ACTS</u>

9. In furtherance of the conspiracy, and to accomplish its object, defendant LOZANO, together with co-conspirator M., and others known and unknown to the Grand Jury, committed and willfully caused others to commit the following overt acts, among others, in the Central District of California, and elsewhere:

<u>Certifying Acceptance Agent Authorization</u>

<u>Overt Act No. 1</u>: In or about May 2009, defendant LOZANO sent the IRS an application to become a CAA, authorized to review documentation on behalf of undocumented individuals who intended to file federal income tax returns.

<u>Overt Act No. 2</u>: On or about May 23, 2009, defendant LOZANO executed and mailed from Santa Clarita, California, to the IRS in Atlanta, Georgia, a CAA agreement, which caused the IRS to authorize defendant LOZANO to act as a CAA using EFIN

xxx1945, with his principal office located at 541 West Hueneme Road, Port Hueneme, California, 93033.

Nominee Bank Accounts

<u>Overt Act No. 3</u>:  On or about June 10, 2010, defendant LOZANO caused to be opened a bank account ending in 3011 at the Bank of America, Oxnard Main Branch, in Oxnard, California (the "3011 Account"), which defendant LOZANO used to receive the proceeds of fraudulent ACTC refunds.

<u>Overt Act No. 4</u>:  On or about April 1, 2010, C.E. caused the 8792 Account to be opened at the Bank of America, South Oxnard Banking Center, in Oxnard, California, which defendant LOZANO later directed C.E. to use to receive electronic deposits of fraudulent ACTC refunds.

<u>Overt Act No. 5</u>:  Between on or about January 28, 2011 and on or about March 25, 2011, defendant LOZANO caused approximately 218 electronic transfers, totaling approximately $681,777, of ACTC refunds to be deposited into the 8792 Account.

<u>Overt Act No. 6</u>:  Between on or about January 28, 2011 and on or about February 4, 2011, defendant LOZANO directed C.E. to withdraw by checks from the 8792 Account and pay over to defendant LOZANO approximately $120,000.

<u>Overt Act No. 7</u>:  Between on or about January 28, 2011 and on or about February 4, 2011, defendant LOZANO directed C.E. to withdraw as cash from the 8792 Account and to pay over to defendant LOZANO approximately $218,585.

<u>Overt Act No. 8</u>:  Between on or about January 28, 2011 and on or about February 18, 2011, defendant LOZANO directed C.E. to

transfer approximately $17,000 from the 8792 Account to a Bank of America bank account ending in 2320 in the name of C.E.

Fraudulent Tax Returns

    <u>Overt Act No. 9</u>: On or about September 13, 2010, defendant LOZANO caused to be prepared, signed, and submitted to the IRS federal income tax returns, for the years 2007, 2008, and 2009, in the name of R.G.V.R., each containing a fraudulent claim for an ACTC refund.

    <u>Overt Act No. 10</u>: On or about October 5, 2010, defendant LOZANO caused to be prepared, signed, and submitted to the IRS federal income tax returns, for the years 2007, 2008, and 2009, in the name of D.B.P., each containing a fraudulent claim for an ACTC refund.

    <u>Overt Act No. 11</u>: On or about October 5, 2010, defendant LOZANO directed the IRS to mail an ACTC refund check in the name of D.B.P. to defendant LOZANO's personal residence address in Oxnard, California.

    <u>Overt Act No. 12</u>: On or about December 10, 2010, defendant LOZANO caused to be prepared, signed, and submitted to the IRS federal income tax returns, for the years 2007, 2008, and 2009, in the name of R.F.C., each containing a fraudulent claim for an ACTC refund.

    <u>Overt Act No. 13</u>: On or about December 22, 2010, defendant LOZANO caused to be prepared, signed, and submitted to the IRS federal income tax returns, for the years 2007, 2008, and 2009, in the name of M.G.P.P., each containing a fraudulent claim for an ACTC refund.

Overt Act No. 14: On or about January 4, 2011, defendant LOZANO caused to be prepared, signed, and submitted to the IRS federal income tax returns, for the years 2007, 2008, and 2009, in the name of M.D.C.N.H., each containing a fraudulent claim for an ACTC refund.

Overt Act No. 15: On or about February 3, 2011, defendant LOZANO caused to be electronically submitted to the IRS, using defendant LOZANO's EFIN, a federal income tax return for the year 2010 in the name of R.G.V.R. that contained a fraudulent claim for an ACTC refund.

Overt Act No. 16: On or about February 3, 2011, defendant LOZANO directed the IRS to electronically deposit an ACTC refund in the name of R.G.V.R. into the 8792 Account.

Overt Act No. 17: Between on or about January 31, 2011 and on or about February 11, 2011, defendant LOZANO directed C.E. to withdraw from the 8792 Account approximately $72,000 and to pay such funds to defendant LOZANO in the form of eight cashier's checks, each for $9,000.

Overt Act No. 18: On or about February 17, 2011, defendant LOZANO caused to be electronically submitted to the IRS, using defendant LOZANO's EFIN, a federal income tax return for the year 2010 in the name of M.D.C.N.H. that contained a fraudulent claim for an ACTC refund.

Overt Act No. 19: On or about February 17, 2011, defendant LOZANO directed the IRS to electronically deposit an ACTC refund in the name of M.D.C.N.H. into the 8792 Account.

Overt Act No. 20: On or about March 5, 2011, defendant LOZANO caused to be prepared, signed, and submitted to the IRS

federal income tax returns, for the years 2007, 2008, and 2009, in the name of J.N.M.A., each containing a fraudulent claim for an ACTC refund.

Overt Act No. 21: On or about March 23, 2011, defendant LOZANO caused to be prepared, signed, and submitted to the IRS federal income tax returns, for the years 2008 and 2009, in the name of J.M.N.R., each containing a fraudulent claim for an ACTC refund.

Overt Act No. 22: On or about March 24, 2011, defendant LOZANO caused to be prepared, signed, and submitted to the IRS federal income tax returns, for the years 2008 and 2009, in the name of J.C.N.R., each containing a fraudulent claim for an ACTC refund.

Overt Act No. 23: On or about April 2, 2011, defendant LOZANO caused to be electronically submitted to the IRS, using defendant LOZANO's EFIN, a federal income tax return for the year 2010 in the name of J.N.M.A. that contained a fraudulent claim for an ACTC refund.

Overt Act No. 24: On or about May 14, 2011, defendant LOZANO caused to be electronically submitted to the IRS, using defendant LOZANO's EFIN, a federal income tax return for the year 2010 in the name of J.C.N.R. that contained a fraudulent claim for an ACTC refund.

Overt Act No. 25: On or about May 16, 2011, defendant LOZANO caused to be electronically submitted to the IRS, using defendant LOZANO's EFIN, a federal income tax return in the name of J.N.M.R. that contained a fraudulent claim for an ACTC refund.

<u>Preparation of Fraudulent Tax Returns and Related Documents</u>

<u>Overt Act No. 26</u>: In or about January 2012, co-conspirator M. prepared and caused to be prepared, for submission to the IRS for the issuance of ITINs, approximately 20 fraudulent Forms W-7 that were supported by fraudulent international identification cards, and accompanying fraudulent federal income tax returns.

A TRUE BILL

/S/
Foreperson

ANDRÉ BIROTTE JR.
United States Attorney

*[signature]*

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

RICHARD E. ROBINSON
Assistant United States Attorney
Chief, Major Frauds Section

STEPHEN A. CAZARES
Assistant United States Attorney
Deputy Chief, Major Frauds Section

MARK AVEIS
EDWARD E. ALON
Assistant United States Attorneys
Major Frauds Section